■ In the Matter of ROGER L. SWANSON, Petitioner, v WILLIAM E. KIRWAN, JR., as Superintendent of New York State Police, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent suspending petitioner from his employment for 20 working days and placing him on probation for a period of six months. Petitioner is a Trooper in the Division of State Police, and on November 13, 1974 he was charged with violating section 8.41 of article 8 of the Regulations of the New York State Police by displaying ineptitude and reluctance to properly perform his duties, acting in a manner tending to bring discredit upon the division, failing to assume responsibility in the pursuit of his duties, and neglecting his duty. The gravamen of the charge against petitioner was that he was aware of the presence of an illegal device, i.e., a slot machine, in a building being utilized in the conduct of an auction, but failed to arrest either the auctioneer or any other person for the possession of the device. Following a hearing before a panel of three State Police Officers, he was found guilty of the charge, and respondent adopted this finding after his own independent appraisal of the record and imposed the penalty noted above. In this proceeding, petitioner claims that he was unaware of the presence of the slot machine and that the determination against him is not supported by substantial evidence and must be vacated. We disagree. The building wherein the illegal device was being stored measured approximately 20 feet by 30 feet and had no interior partitions. According to the testimony of Inspector Sanchez of the New York State Police, who discovered the machine and arrested the auctioneer, Peter Francese, for possession thereof, he observed petitioner entering said building to carry out items to be auctioned. He further quoted petitioner as stating upon the arrest of Francese: "Pete, I told you they were illegal; that you shouldn't have them here and that you would get caught eventually." Moreover, petitioner was admittedly a former business partner of Francese and aware of his interest in slot machines, and some valuable items belonging to petitioner were being stored in the same building. On such a record as this, one could reasonably conclude that petitioner was aware of the presence of the slot machine, and, accordingly, substantial evidence supports respondent's determination and it must be affirmed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.